493 A.2d 1356

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Kenneth CANNON, Appellee.**

Supreme Court of Pennsylvania.

Submitted Jan. 22, 1985.

Decided June 10, 1985.

9. We have reviewed the remaining preliminary objections offered by appellees, and we find them to be without merit.

Eric B. Henson, Deputy Dist. Atty., Steven J. Cooper-stein, Asst. Dist. Atty., for appellant.

Irving Warren Singer, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDER-MOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

NIX, Chief Justice.

In this case the Commonwealth appeals the trial court's determination that section 9712 of the Mandatory Minimum Sentencing Act, 42 Pa.C.S. § 9712, is unconstitutional. That section requires the imposition of a minimum sentence of five years total confinement if it is established by a preponderance of the evidence that the defendant was in visible possession of a firearm during the commission of certain felonies.[1] In light of our recent decision in *Commonwealth v. Wright*, 508 Pa. 25, 494 A.2d 354 (1985), we find it unnecessary to discuss at length the issues raised in this appeal.

1. On January 6, 1983, Appellee Cannon was convicted of three counts of robbery as felonies of the first degree, carrying a firearm on the public street, and possessing an instrument of crime. He was sentenced to serve two concurrent three-to-ten year terms, to be followed by five years probation.

24

In *Commonwealth v. Wright, supra,* we held that the preponderance standard of proof prescribed in section 9712 satisfies the minimum requirements of due process. Accordingly, the lower court's holding that section 9712 is unconstitutional is reversed, the sentences imposed are vacated and the cause is remanded for resentencing pursuant to 42 Pa.C.S. § 9712.

LARSEN, Justice, concurring.

I join in the majority opinion and further cite in support thereof my opinion in *Commonwealth v. Wright,* 508 Pa. 25, 494 A.2d 354 (1985).