494 A.2d 869

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Gerard HEALEY, Appellee.**

Superior Court of Pennsylvania.

Submitted March 25, 1985.

Decided June 21, 1985.

324

Paul J. Walker, Assistant District Attorney, Scranton, for Commonwealth, appellant.

James O'Brien, Assistant Public Defender, Scranton, for appellee.

Before BECK, POPOVICH and TROMMER *, JJ.

BECK, Judge:

Appellee was convicted of aggravated assault and recklessly endangering another person. On this appeal by the Commonwealth, we are asked to determine under what circumstances a defendant visibly possesses a firearm, so as to come within the provisions of the mandatory sentencing requirement of section 9712 of the Sentencing Code, 42 Pa.C.S. § 9712.

The relevant facts are as follows. The victim received a call from a friend who told him appellee wanted to see him.

* Honorable Evelyn Trommer, Senior Judge of the Court of Common Pleas of Philadelphia County, is sitting by designation.

The victim went to appellee's apartment house, climbed the stairs to appellee's apartment, knocked on the door, and appellee fired a shotgun blast through the apartment door, hitting the victim and causing him injuries.

After the appellee was convicted, the Commonwealth sought to have him sentenced under Section 9712:

(a) Mandatory sentence.—Any person who is convicted in any court of this Commonwealth of murder of the third degree, voluntary manslaughter, rape, involuntary deviate sexual intercourse, robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) (relating to aggravated assault) or kidnapping, or who is convicted of attempt to commit any of these crimes, shall, if the person *visibly possessed a firearm* during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary.

(Emphasis added.)

At his sentencing hearing, appellee argued that since he shot the victim from behind a closed door, he did not visibly possess a firearm because the victim did not see the firearm. The trial judge sentenced appellee to two and one-half (2½) to five (5) years imprisonment, a term below the statutory mandate of section 9712. The Commonwealth appeals the judgment of sentence.

To determine the scope of section 9712, we must define "visibly possessed." Appellee would have us hold that the victim must see the firearm brandished by his assailant. We decline to construe section 9712 so narrowly in contravention of the purpose of the section.

It is clear that section 9712 was enacted to deter the introduction of a firearm into the criminal acts specified in the statute. It is the potential danger of the firearm which section 9712 addresses, not just the visibility of the firearm. Under appellee's definition of "visibly possessed," a defend-

ant who robs a victim while pointing a firearm at the victim's chest would be subject to a mandatory sentence, but one who points a firearm at a victim's back and robs him from behind would escape a mandatory sentence. Such a result would be absurd.

■ We define "visibly possessed" as possession which manifests itself in the process of the crime. This definition would include situations where a firearm is visible to the eye of the victim or a third party. Additionally, it would encompass situations where, as in the case sub judice, a firearm is hidden but has a visible effect on the victim. In the latter context, our definition would cover an individual who points a firearm inside his pocket and then threatens his victim by informing the victim that a firearm is aimed at the victim.

■ In the case sub judice, it does not matter that the victim could not see that appellee was visibly possessed of the firearm. The appellee possessed a firearm and used it to produce a visible effect on the victim. The appellee's act falls squarely under the mandatory minimum five-year sentence of 42 Pa.C.S. § 9712.

We vacate appellee's judgment of sentence and remand for resentencing. Jurisdiction relinquished.