497 A.2d 1374

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Donald WOODLYN.**

Superior Court of Pennsylvania.

Argued March 12, 1985.

Filed Sept. 6, 1985.

Joanne F. Tyler, Assistant District Attorney, Philadelphia, for appellee.

Steven J. Cooperstein, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Before SPAETH, President Judge, and JOHNSON and SHOYER *, JJ.

PER CURIAM:

This is an appeal by the Commonwealth from judgment of sentence for aggravated assault. The Commonwealth argues that the sentencing court erred in holding the evidence insufficient to find that appellant "visibly possessed a firearm during the commission of the offense" within the meaning of 42 Pa.C.S. § 9712, and in therefore refusing to impose the minimum sentence mandated by that section. We agree and accordingly vacate the sentence and remand for imposition of a sentence in accordance with that section.

On September 27, 1982, after an argument, appellant shot the victim in the abdomen. The victim testified that the shooting occurred as follows: Appellant rode his bicycle to

---

* The Honorable Kendall H. SHOYER, Senior Judge of the Court of Common Pleas of Philadelphia County, is sitting by designation.

within eight feet of him. Remaining on the bicycle, appellant reached into his pocket. When he withdrew his hand, it was in the shape of a fist with the knuckles visible. The victim heard a "bang," saw smoke, and felt what proved to be the impact of a bullet. However, he never saw the gun. N.T. 8/15/83 at 22, 30.

Section 9712, 42 Pa.C.S. § 9712 provides:

**§ 9712. Sentences for offenses committed with fire-arms**

(a) **Mandatory sentence.**—Any person who is convicted in any court of this Commonwealth of murder of the third degree, voluntary manslaughter, rape, involuntary deviate sexual intercourse, robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) (relating to aggravated assault) or kidnapping, or who is convicted of attempt to commit any of these crimes, shall, if the person visibly possessed a firearm during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary.

In *Commonwealth v. Healey*, 343 Pa.Super. 323, 494 A.2d 869 (1985), we construed the meaning of the statutory language "visibly possessed a firearm." In that case, the trial court found the evidence insufficient to support the imposition of the mandatory minimum sentence where appellant invited the victim to his apartment, and, upon hearing his knock, fired a shotgun through the closed door. We vacated the judgment of sentence and remanded for resentencing, holding:

It is clear that section 9712 was enacted to deter the introduction of a firearm into the criminal acts specified in the statute. It is the potential danger of the firearm which section 9712 addresses, not just the visibility of the firearm. Under appellee's definition of "visibly possessed," a defendant who robs a victim while pointing a firearm at the victim's chest would be subject to a manda-

tory sentence, but one who points a firearm at a victim's back and robs him from behind would escape a mandatory sentence. Such a result would be absurd.

We define "visibly possessed" as possession which manifests itself in the process of the crime. This definition would include situations where a firearm is visible to the eye of the victim or a third party. Additionally, it would encompass situations where, as in the case sub judice, a firearm is hidden but has a visible effect on the victim. In the latter context, our definition would cover an individual who points a firearm inside his pocket and then threatens his victim by informing the victim that a firearm is aimed at the victim.

*Id.*, 343 Pa.Superior Ct. at 325, 326, 494 A.2d at 869, 870.

Here, appellant's possession was undoubtedly "manifest[ed] in the process of the crime" by the smoke, the sound of gunfire, and, of course, the gunshot wound. Accordingly, we find that he "visibly possessed a firearm during the commission of the offense" within the meaning of 42 Pa.C.S. § 9712. *See Commonwealth v. Healey, supra.*

Judgment of sentence vacated and remanded for resentencing.