501 A.2d 285

COMMONWEALTH of Pennsylvania, Appellant,

v.

Alex WOOTEN, Appellee.

Superior Court of Pennsylvania.

Argued March 20, 1985.

Filed Dec. 13, 1985.

36

Stephen B. Harris, Assistant District Attorney, Warrington, for Commonwealth, appellant.

Joseph S. Britton, Langhorne, for appellee.

Before OLSZEWSKI, MONTGOMERY and LEDERER *, JJ.

OLSZEWSKI, Judge:

This appeal from judgment of sentence is taken by the Commonwealth[1] in an effort to increase appellee's minimum sentence from three years to five years through the application of the Mandatory Sentencing Act (Act), 42 Pa.C. S.A. Section 9712. The sole issue to be decided is whether the trial court abused its discretion and erroneously held that since appellee's possession of a firearm was not visible, the Act was not applicable. Because we find that the use of the firearm was visible and that the Act should therefore be applied, we vacate the lower court's judgment of sentence and remand for sentencing consistent with this opinion.

Under the Mandatory Sentencing Act, a mandatory five year minimum sentence must be imposed in every case in which a person is convicted of certain enumerated crimes if such person visibly possessed a firearm.[2] "Visibly" is not

---

* Judge William J. Lederer, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

1. The authority for the Commonwealth's right to appeal is found in 42 Pa.C.S.A. Sec. 9712(d) which states:

   (d) **Appeal by Commonwealth.**—If a sentencing court refuses to apply this section where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with this section if it finds that the sentence was imposed in violation of this section.

2. Sec. 9712. Sentences for offenses committed with firearms

   (a) **Mandatory sentence.**—Any person who is convicted in any court of this Commonwealth of murder of the third degree, voluntary manslaughter, rape, involuntary deviate sexual intercourse, robbery as defined in 18 Pa.C.S. Sec. 3701(a)(1)(i), (ii) or (iii) (relating to robbery), aggravated assault as defined in 18 Pa.C.S. Sec. 2702(a)(1) (relating to aggravated assault), or kidnapping, or

defined and is the determining element in whether or not the Act will apply.

■ Litigation concerning the Mandatory Sentencing Act has been sparse. Its constitutionality was recently upheld by the Pennsylvania Supreme Court.[3] The Superior Court also rejected constitutional challenges to the Act in *Commonwealth v. Anderson*, 345 Pa.Super. 407, 498 A.2d 887 (1985). Since then, this court has had very few chances to interpret the definition of "visibly possessed." One such case was *Commonwealth v. Healey*, 343 Pa.Super. 323, 494 A.2d 869 (1985), where visibly possessed was defined as possession "which manifests itself in the process of the crime." The definition was purposely left broad so that it would apply to situations in which a firearm is hidden but has a visible effect on the victim. By adopting such a liberal definition, the *Healey* court specifically rejected the argument that the victim must actually see the firearm being used by his assailant.

This decision was reaffirmed in *Commonwealth v. Woodlyn*, 345 Pa.Super. 200, 497 A.2d 1374 (1985). Following the definition set out in *Healey*, this court held that the requirement of visible possession is satisfied "by the smoke, the sound of gunfire, and, of course the gunshot wound." Once again, it was emphasized that it is not essential for someone to actually see the gun in use in order to sentence under the Act.

The relevant facts to be considered are as follows. After a picnic with friends, appellee and the victim exchanged words. Appellee then noticed the victim coming after him with what he believed to be a pistol on the victim's hip. The

who is convicted of an attempt to commit any of these crimes, shall, if the person visibly possessed a firearm during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary.

3. *Commonwealth v. Wright*, 508 Pa. 25, 494 A.2d 354 (1985). Constitutionality is presently not an issue.

two struggled for the gun with appellee gaining possession and proceeding to shoot the victim five times. Witnesses testified that although they did not see appellee with the gun, they either heard the shots or saw the firing. Appellee was not injured.

After throwing the gun in the river and fleeing the scene, appellee, accompanied by his attorney, turned himself in to the police. Appellee pled guilty to Criminal Homicide generally and Possessing an Instrument of Crime. The judge conducted an evidentiary hearing and found appellee guilty of voluntary manslaughter. In doing so, the judge concluded that appellee acted under passion resulting from serious provocation and with an unreasonable belief that the killing was justified. He was sentenced to three to ten years.

The trial court, admitting the issue was close, found that appellee was in possession but that such possession was not "visible." In reaching this determination, the trial judge, as does appellee, relied on the fact that there was no one who actually saw appellee with the gun. Both the trial judge and appellee are in error. As previously noted, eyewitness(es) to possession of the gun are not required. If they were, it would be difficult to punish those convicted of homicide by applying the Mandatory Sentencing Act since many of the "eyewitnesses" to homicide are the victims. To follow that reasoning is to circumvent the purpose of the Act.

Additionally, appellee argues that the Act does not apply to him because it was not meant for those who kill in the heat of passion. Appellee argues strenuously that the Act was meant to deter criminals who *own* guns. However, this rationale is contrary to the plain language of the statute. The Act specifically states that it is to apply to persons who visibly *possess* a firearm. Ownership is not important. Possession is.

Applying the Mandatory Sentencing Act to the case presently before us is consistent with the previous interpreta-

tions of the Act by this court. See *Commonwealth v. Healey, Commonwealth v. Woodlyn, supra.* In those cases, visible possession was found even when the firearm itself was hidden as long as it was evidenced in another manner during the crime. Here we have a situation, however, in which the gun was not hidden but instead it was perceived by both the victim and appellee and, in addition, had an obvious effect on the victim by way of the sound of gunfire and the wounds produced from five shots.

■ Appellee clearly falls within the category of situations covered by the Act. He freely admitted to the possession of the gun; and while that alone is not sufficient, it is a necessary component. Furthermore, it cannot be said that the victim was not aware that the gun was to be used on him. Indeed, it was for control of the gun that the two struggled. It was obvious to each that whoever gained possession would use it to his advantage. Visibility was apparent. The gun was not concealed or hidden. Both parties unequivocally knew of its existence and knew it was going to be used. Appellee was in control; he did not have to shoot the victim at all, let alone five times! Voluntary manslaughter, regardless of the circumstances, is an enumerated crime under the Act. It is therefore a proper case for mandatory minimum sentencing.

We are satisfied that the Mandatory Sentencing Act has been complied with and that a five year mandatory minimum is a proper sentence. We therefore find it necessary to reject the narrow construction of the Act used by the trial court and argued by the appellee. Accordingly, appellee's judgment of sentence is vacated and remanded for resentencing in accordance with this opinion. Jurisdiction is relinquished.