## Commonwealth v. Bell

*Larry Sachs, assistant district attorney,* for the Commonwealth.

*Stanton D. Levenson,* for defendant Stuart A. Bell.

*Paul D. Boas,* for defendant Charles A. Tischler.

MANNING, *J.,* October 11, 1991—Before the court are the respective motions to bar imposition of mandatory sentence of defendants, Charles Tischler and Stuart Bell. For the reasons set forth herein these motions will, in part, be granted.

On September 11, 1991, following a bench trial defendants, Tischler and Bell, were adjudged guilty of possession of 116 pounds of marijuana, a controlled substance with intent to deliver, in violation of section 13a(30), Controlled Substance, Drug,

Device and Cosmetic Act. The Commonwealth gave timely notice of its "intention to proceed"[1] under the mandatory sentencing provisions established by 18 Pa.C.S. §7508. The court found that the mandatory sentencing provisions set forth in 18 Pa.C.S. §7508(a)(1)(iii) are applicable in this case. The court finds further that the applicable mandatory sentence is in direct contradiction with the sentencing scheme long established by the legislature and, more importantly, deprives the defendants of the due process of law.

In pertinent part, 18 Pa.C.S. §7508(a)(1)(iii) provides that:

"(a) *General rule*—Notwithstanding any other provisions of this or *any other act to the contrary,* the following provisions shall apply:

"(1) A person who is convicted of violating section 13(a)(14) or (30) of the act of April 14, 1972, (P.L. 233, No. 64), known as the Controlled Substance, Drug, Device and Cosmetic Act, where the controlled substance is marijuana shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection. . . .

"(iii) upon conviction when the amount of marijuana involved is at least 50 pounds: five years in prison and a fine of $50,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity." (emphasis added)

Among the statutory provisions which are "to the contrary" and which this court is directed to ignore

---

1. This court has previously held that the mandatory sentencing provisions are applicable absent the Commonwealth's filing of the required notice. See *Commonwealth v. Biddle,* CC no. 8900747, appeal pending at Superior Court, 1631 Pittsburgh 90.

is section 13(f)(2) of the Controlled Substance, Drug, Device and Cosmetic Act. This section provides:

"(f) Any person who violates clause (12), (14) or [clause] (30) of subsection (a) with respect to . . .

"(2) Any other controlled substance or counterfeit substance classified in Schedule I, II or III is guilty of a felony and upon conviction thereof shall be sentenced to imprisonment not exceeding five years, or to pay a fine not exceeding $15,000, or both.

The other section that is excluded from the court's consideration is the Sentencing Code section at 42 Pa.C.S. §9756(a) and (b):

"(a) *General rule*—In imposing a sentence of total confinement the court shall at the time of sentencing specify any maximum period *up to the limit authorized by law* and whether the sentence shall commence in a correctional or other appropriate institution.

"(b) *Minimum sentence*—The court shall impose a minimum sentence of confinement *which shall not exceed one-half of the maximum sentence imposed.*" (emphasis added)

These three statutes constitute the present statutory scheme for sentencing in the illegal delivery and/or possession with intent to deliver 50 or more pounds of marijuana. The sentence mandated by 18 Pa.C.S. §7508(a)(1)(iii) is not only inconsistent with the other two statutes but is also inconsistent with the panoply of penal statutes found throughout the legislative enactments of this Commonwealth.

Since at least 1974 in Pennsylvania, the statutory scheme for sentencing persons convicted of misdemeanors and felonies has been governed by the language of the Sentencing Code, 42 Pa.C.S. §9701 et seq. For each and every criminal statute the

legislature has adopted a specific maximum penalty which cannot be exceeded. In doing so they have also statutorily incorporated a minimum sentence which may be less than, but cannot exceed, one-half of the maximum.

The minimum sentence is vitally important in fixing the earliest parole eligibility date and the length of actual confinement that an eligible and otherwise well-behaved inmate is required to serve.

In this case, the mandatory sentencing statute makes the minimum sentence (five years), the same period of confinement as the drug statute's maximum sentence (five years), in total derogation of Pennsylvania's sentencing scheme.

A sentence of confinement where the minimum exceeds one-half of the maximum has long been held to be illegal. See *Commonwealth v. Phillips,* 258 Pa. Super. 109, 392 A.2d 708 (1978) (a minimum sentence of confinement shall not exceed one-half of the maximum sentence imposed), and *Commonwealth v. Aeschbacher,* 276 Pa. Super. 554, 419 A.2d 596, 597 (1980). In addition, the imposition of a sentence providing only for a maximum term of imprisonment is likewise an illegal sentence. See *Commonwealth v. Shoemaker,* 303 Pa. Super. 242, 449 A.2d 669 (1982).

We note that in *Commonwealth v. Morales,* 394 Pa. Super. 160, 575 A.2d 148 (1990), a panel of our Superior Court acknowledged that 18 Pa.C.S. §7508 "does not *explicitly* set forth the maximum authorized sentence in cases to which it is applicable. . . ." (emphasis added) The *Morales* panel nevertheless determined that the *implicit* maximum sentence under 18 Pa.C.S. §7508 (a)(l)(iii) is a sentence of at least 10 years imprisonment and a fine of $100,000 (*Id.*), simply doubling the mandatory minimum. While this analysis is insightful and logically

sound, it fails to take into account the court's obligation with respect to the construction and interpretation of statutes and the ascertainment of legislative intent. See 1 Pa.C.S. §1901 et seq.; *Commonwealth v. Wooten,* 519 Pa. 45, 545 A.2d 876 (1988); *Commonwealth v. Broughton,* 257 Pa. Super. 369, 390 A.2d 1282 (1978), and *Commonwealth v. Snyder,* 385 Pa. Super. 58, 560 A.2d 165 (1989). With all due respect to our esteemed and learned brethren on the Superior Court, the *Morales* holding simply invents a maximum sentence where one does not exist. While courts have an obligation to interpret the acts of legislatures, they should not usurp the law-making responsibility.

This mandatory sentencing statute, further, fails to guard against the capricious, frightening and repugnant prospect that a sentencing judge might decide the maximum sentence is or should be 20, 40, 80 or 160 years. Likewise, since the statute requires the court to impose "at least" five years, it leaves open the possibility that a court might impose a longer minimum sentence, unimpeded by the cap of one-half the maximum. The court finds that 18 Pa.C.S. §7508(1)(a)(iii), in requiring the imposition of an explicit minimum mandatory sentence without an explicit limitation on the maximum sentence, is void for vagueness and denies the defendants due process of law.

It is settled that the sentencing process is subject to the due process clause. *Commonwealth v. Taylor,* 346 Pa. Super. 599, 500 A.2d 110 (1985), citing *Gardner v. Florida,* 430 U.S. 349, 97 S.Ct. 1197 (1977), and *Morrissey v. Brewer,* 408 U.S. 349, 92 S.Ct. 2593 (1972). Moreover, "if the sentencing procedure is improper, it involves deprivation of due process." *Commonwealth v. Taylor,* citing *Commonwealth v. Walker,* 286 Pa. Super. 239, 428

A.2d 661 (1981). The failure of the legislature to establish an explicit maximum sentence with respect to 18 Pa.C.S. §7508(a)(i)(iii) violates basic due process rights guaranteed by Article 1, section 9 of the Pennsylvania Constitution and the Fifth and 14th Amendments of the Constitution of the United States.

The void-for-vagueness doctrine is "a due process doctrine incorporating notions of fair notice and warning." *Commonwealth v. Potts,* 314 Pa. Super. 256, 460 A.2d 1127 (1983) citing *Smith v. Goguen,* 415 U.S. 566, 94 S. Ct. 1242 (1974). The void for vagueness doctrine, where applied in the criminal law, usually involves the interpretation of statutes prohibiting particular activities as criminal. For example, "a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden is so indefinite that it encourages arbitrary or erratic arrest or conviction and is void for vagueness." *Commonwealth v. Stein,* 519 Pa. 137, 546 A.2d 36 (1988), citing *Colautti v. Franklin,* 439 U.S. 379, 99 S.Ct. 675 (1979). By analogy, an enactment authorizing the imposition of a term of imprisonment *must* specify the maximum sentence that may be imposed in order to afford the defendant fair notice and warning of the possible duration of punishment.

The "touchstone of due process is protection of the individual against arbitrary government action." *Commonwealth v. Heck,* 341 Pa. Super. 183, 491 A.2d 212 (1985), citing *Wolff v. McDonald,* 418 U.S. 539, 94 S.Ct. 2963, and *Commonwealth v. Hernandez,* 339 Pa. Super. 32, 488 A.2d 293 (1985). The absence of an explicit maximum sentence allows for the imposition of arbitrary and excessive sentences.

This foreboding prospect is alien to every concept of fairness embodied in the Anglo-American legal tradition.

Having determined that the minimum imprisonment provision of subsection (iii) is unconstitutional, the court is obliged to follow the legislature's intention to require mandatory sentencing and, further, to determine whether the "lesser included" penalty sections of the statute are applicable.

In this analysis the court relies specifically upon the requirements of 1 Pa.C.S. §1925, which holds, in essence, that the provisions of any statute are severable and unaffected by void provisions unless the intent of the legislative is violated or the statute is otherwise incomprehensible. Title 18 Pa.C.S. §7508(a)(ii) states:

"(ii) [W]hen the amount of marijuana involved is at least 10 pounds, but less than 50 pounds, or at least 21 live plants but less than 51 live plants; three years in prison and a fine of $15,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; . . ."

This section is likewise unconstitutional since it calls for a mandatory minimum sentence (three years) which exceeds one-half of the maximum sentence (five years).[2]

Title 18 Pa.C.S. §7508(a)(a)(i) provides:

"(i) [U]pon the first conviction when the amount of marijuana involved is at least two pounds, but

---

2. A review of the remaining parts of the mandatory drug sentencing statute discloses no other constitutionally offensive provisions except to the extent that mandatory sentences themselves are offensive since they are "rigid and invariable [rather than] allowing room for good judgment by the judge, made acquainted by the trial with the attending circumstances." Quoting *Commonwealth v. Taylor*, 346 Pa. Super. 599, 500 A.2d 110 (1985), upholding mandatory sentencing statutes.

less than 10 pounds: one year in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity: . . ."

This section is clearly constitutional, the minimum mandatory sentence not exceeding one-half of the maximum. The question then becomes one of whether the phrase "when the amount of marijuana involved is *at least* two pounds, *but less than* 10 pounds . . ." applies to a case involving more than 50 pounds where the enhanced penalty for such an amount is unconstitutional. In this case 116 pounds of marijuana is undeniably "at least two . . . but [surely is not] less than 10 pounds. . . ." Section 1928 (b) (1) of Title 1 of the Pennsylvania statutes requires the court to "strictly construe" penal provisions. Such an interpretation would dictate that subsection (i) is applicable only to cases involving more than two pounds and less than 10 pounds.

There is no doubt from the legislative history, however, that the representatives of the people sought to impose increasingly severe mandatory minimum punishments for ever-increasing levels of drug trafficking. Accordingly the court cannot ignore the dictates of 7508(1)(a)(i) in fixing the appropriate penalty in this case.

This court also finds that the provision of 18 Pa.C.S. §7508(1)(a)(iii) which requires the imposition of a fine is not inapplicable nor violative of due process. The legislature has provided the court with an explicit and definite monetary amount of the fine to be assessed in this matter.

For the foregoing reasons the defendants' motions to bar the imposition of the mandatory sentence of imprisonment of 18 Pa.C.S. §7508(a)(1)(iii) are granted.