575 A.2d 148

**COMMONWEALTH of Pennsylvania**

v.

**Victor M. MORALES, Appellant.**

Superior Court of Pennsylvania.

Argued April 3, 1990.

Filed May 31, 1990.

Gary Lysaght, Lemoyne, for appellant.

Julia A. Merl, Asst. Dist. Atty., Harrisburg, for the Com., appellee.

Before CIRILLO, President Judge, and BECK and HESTER, JJ.

HESTER, Judge:

Victor M. Morales appeals from the judgment of sentence entered in the Court of Common Pleas of Dauphin County on May 23, 1989, following its acceptance of his plea of guilty to various drug-related offenses. He was sentenced to a five-to-ten-year term of imprisonment and directed to pay both a fine and the costs of the prosecution. In this timely appeal, appellant questions the legality of his sentence. For the reasons set forth below, we find that this challenge is without merit and, accordingly, affirm.

The facts may be summarized as follows. On December 5, 1988, the Dauphin County Drug Task Force, pursuant to a warrant, searched appellant's Harrisburg residence for drugs and other related material. During the course of that search, members of the task force discovered fifty-five pounds of marijuana, various items used to process and ingest it, and fifty-four doses of LSD. Shortly thereafter, appellant was arrested and charged with two counts of possession with intent to deliver and one count of possession of drug paraphernalia.

On May 23, 1989, appellant, pursuant to an agreement entered into with the Commonwealth, pled guilty to possession of drug paraphernalia, possession with intent to deliver in connection with the marijuana, and simple possession with respect to the LSD. Following its acceptance of the plea, the court sentenced him to a five-to-ten-year term of imprisonment and a $50,000.00 fine for possession with

intent to deliver. In addition, it imposed two concurrent one-to-two-year terms of imprisonment on the remaining offenses and directed appellant to pay the costs of the prosecution. This appeal followed.

Appellant questions the legality of his sentence. In support of this challenge, he asserts that the term of imprisonment imposed in connection with the possession with intent to deliver count exceeded the maximum sentence authorized for that offense.

Initially, we note that The Controlled Substance, Drug, Device and Cosmetic Act (Act), 35 P.S. § 780–101 *et seq.*, sets forth both specific drug offenses and their attendant penalties. Pursuant to § 780–113(a)(30) of the Act, it is unlawful for an unauthorized person to possess a controlled substance with the intent to deliver it. The term "controlled substance" includes marijuana within its definition. *See* 35 P.S. §§ 780–102 and 780–104(1)(iv). The maximum penalty for committing the crime of possession with intent to deliver in connection with marijuana is a five-year term of imprisonment and a fine of $15,000.00. 35 P.S. § 780–113(f)(2).

Instantly, the trial court sentenced appellant to a five-to-ten-year term of imprisonment and a $50,000.00 fine for possessing marijuana with the intent to deliver it. Since this sentence clearly exceeds the maximum one authorized for that offense, our determination of its legality depends upon whether there is another statutory provision that both permits such punishment and supersedes 35 P.S. § 780–113(f)(2). Accordingly, we turn to the authority relied upon by the trial court.

In support of its sentence, the trial court relied upon 18 Pa.C.S. § 7508, which, in pertinent part, states (footnote omitted):

(a) *General rule.*—Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:

(1) A person who is convicted of violating section 13(a)(14) or (30) of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, where the controlled substance is marijuana shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

. . . .

(iii) upon conviction when the amount of marijuana involved is at least 50 pounds: five years in prison and a fine of $50,000.00 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity.

Since appellant pled guilty to possession with intent to deliver in connection with fifty-five pounds of marijuana, it is clear that the provision utilized by the court was applicable to the present case. Accordingly, the trial court was required to sentence appellant to a minimum term of imprisonment of five to ten years and a fine of $50,000.00. Although the statute does not explicitly set forth the maximum authorized sentence in cases to which it is applicable, we find that since "a minimum sentence of confinement . . . shall not exceed one-half of the maximum sentence imposed," 42 Pa.C.S. § 9756(b), it implicitly sets forth a maximum sentence of at least ten years imprisonment and a fine of $100,000.00.

As the above analysis demonstrates, the maximum sentences provided for in 35 P.S. § 780–113(f)(2) and 18 Pa.C.S. § 7508(a)(1)(iii) are irreconcilable. Since 18 Pa.C.S. § 7508 was enacted in 1988, approximately two years after the adoption of amendments to the penalty provisions of the Act, we conclude that 18 Pa.C.S. § 7508 prevails. *See* 1 Pa.C.S. § 1935 (when two statutes passed by the same general assembly are irreconcilable, the one later in date prevails), and 1 Pa.C.S. § 1936 (same with respect to statutes passed by different general assemblies). Accordingly,

appellant's challenge to the legality of his sentence must fail.

Judgment of sentence affirmed.