645 A.2d 211

COMMONWEALTH of Pennsylvania, Appellant,

v.

Stuart A. BELL, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Charles A. TISCHLER, Appellee.

COMMONWEALTH of Pennsylvania, Appellee,

v.

Michael J. LITZENBERGER, Appellant.

Supreme Court of Pennsylvania.

Argued March 7, 1994.

Decided July 25, 1994.

Reargument Denied Sept. 13, 1994.

560

Robert E. Colville, Dist. Atty., Claire C. Capristo, Deputy Dist. Atty., James R. Gilmore, Asst. Dist. Atty., for Com. in No. 35.

Robert E. Colville, Dist. Atty., Claire C. Capristo, Deputy Dist. Atty., Kemal A. Mericli, James R. Gilmore, Asst. Dist. Attys., for Com. in No. 36.

Mary Benefield Seiverling, Sr. Deputy Atty. Gen., for amicus curiae in Nos. 35 and 36.

Joseph P. Green, Jr., Duffy & Green, West Chester, for Litzenberger in No. 22.

John Packel, Asst. Public Defender, for amicus curiae in No. 22.

Stanton D. Levenson, Pittsburgh, for appellee in No. 35.

Paul D. Boas, Pittsburgh, for appellee in No. 36.

Stuart Suss, Asst. Dist. Atty., Nicholas J. Casenta, Jr., West Chester, for appellee in No. 22.

Peter Rosalsky, Philadelphia, for amicus curiae, Defender Ass'n of Philadelphia in Nos. 35 and 36.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## OPINION

ZAPPALA, Justice.

These consolidated appeals challenge the constitutionality of the mandatory minimum sentencing statute for marijuana trafficking set forth at 18 Pa.C.S. § 7508(a)(1)(ii) and (iii). Because we find that this provision can be interpreted consistently with other statutes in such a way as to provide a maximum sentence for the offenses, we reject the notion that it is impermissibly vague and violates the due process clause of Article 1, Section 9 of the Pennsylvania Constitution. The different factual and procedural backgrounds of these cases shall be set forth separately.

### Commonwealth v. Litzenberger

On March 21, 1990, postal authorities in Tucson, Arizona concluded that a package addressed to Michael Litzenberger and delivered to the Post Office for express delivery met their informal profile of packages containing illicit drugs. In particular, the package was large (thirty-four pounds), heavily taped, and the return address contained a fictitious company name and address. The postal authorities therefore detained the package and obtained a narcotics dog. Although the dog did not "alert" to the package, he "showed interest in it." The postal authorities continued to treat the package as if it might contain contraband and delayed its delivery for a total of forty-four hours.

During the delay, the package was re-routed to Camden, New Jersey, and authorities there were notified of the package's suspicious nature. While the package was en route between Tucson and Camden, it was somehow ripped and the tape had become sufficiently loose to allow the odor of marijuana to escape. The postal inspector in Camden noticed the odor and brought in another narcotics dog who "alerted" to the package. After a controlled delivery of the package, Litzenberger was arrested. A forensic scientist later tested the contents of the package and determined that it contained 25.7 pounds of marijuana.

Following a non-jury trial, Litzenberger was convicted of possession,[1] possession with intent to deliver marijuana,[2] and conspiracy[3]. He was sentenced to three to six years imprisonment on the possession with intent to deliver conviction pursuant to 18 Pa.C.S. § 7508(a)(1)(ii) and was fined $15,000. He was also sentenced to a concurrent term of imprisonment of eleven and one-half to twenty-three months for the criminal conspiracy conviction. Litzenberger filed a Motion for Reconsideration of Sentence, which was denied by the trial court. Litzenberger subsequently appealed to the Superior Court, contending that the trial court failed to suppress evidence which was gained by an unlawful search and seizure; that the Commonwealth failed to comply with the notice provision in § 7508(b); and that § 7508 was unconstitutional as applied to marijuana cases where the total weight of the substance is less than 1,000 pounds. The Superior Court affirmed his convictions, finding no merit to the suppression issue, and holding that his sentence, pursuant to the mandatory minimum set forth in § 7508, was proper 423 Pa.Super. 635, 616 A.2d 716. We granted allocatur only as to the sentencing issues.

*Commonwealth v. Stuart Bell* and
*Commonwealth v. Tischler*

On September 11, 1991, following a bench trial, Stuart Bell and Charles Tischler were convicted of possession of 116 pounds of marijuana with intent to deliver.[4] The Commonwealth gave timely notice of its "intention to proceed" under the mandatory sentencing provisions established by 18 Pa.C.S. § 7508. Bell and Tischler thereafter filed Motions to Bar Imposition of Mandatory Sentence, which were granted by the Court of Common Pleas of Allegheny County.[5] The court found that although the mandatory sentencing provision set forth in § 7508(a)(1)(iii) was applicable to the cases, the provision was in direct contradiction to the sentencing scheme long

1. 35 P.S. § 780–113(a)(16).
2. 35 P.S. § 780–113(a)(30).
3. 18 Pa.C.S. § 903(a)(1) and (2).
4. 35 P.S. § 780–113(a)(30)
5. *Commonwealth v. Bell,* 12 D. & C. 4th 275 (1991).

established by the legislature. It further held that 18 Pa.C.S. § 7508(a)(1)(iii), in requiring the imposition of a mandatory minimum sentence without an explicit limitation on the maximum sentence, is void for vagueness and denies the defendants due process of the law, which is guaranteed by Article 1, Section 9 of the Pennsylvania Constitution and the Fifth and Fourteenth Amendments of the Constitution of the United States.

After the denial of post-trial motions, the defendants proceeded to sentencing on November 1, 1991. The court granted reconsideration of the previous ruling, but again decided not to apply the mandatory minimum sentence of § 7508(a)(1)(iii). The court then sentenced each defendant to a term of imprisonment of one to two years, with probation of five years and a fine of $50,000, plus costs. The Commonwealth filed a timely Motion to Modify Sentence, which was denied. We have jurisdiction over the matter pursuant to 42 Pa.C.S. § 722(7), which provides that our Court has exclusive jurisdiction of appeals from final orders of the court of common pleas when that court holds a statute invalid as repugnant to the Constitution of the United States or the Pennsylvania Constitution.

## Discussion

Three statutes affect sentencing in cases involving illegal delivery and/or possession of marijuana with the intent to deliver. The provisions challenged as unconstitutional in the instant cases are 18 Pa.C.S. § 7508(a)(1)(ii) and (iii). Those sections provide in pertinent part as follows:

§ 7508. Drug trafficking sentencing and penalties

(a) General rule.—*Notwithstanding any other provisions of this or any other act to the contrary,* the following provisions shall apply:

(1) A person who is convicted of violating section 13(a)(14), (30), or (37) of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Devise and Cosmetic Act, where the controlled substance is marijuana shall, upon conviction, be sentenced to a *mandatory mini-*

*mum term of imprisonment* and a fine as set forth in this subsection:

\*     \*     \*     \*     \*     \*

(ii) upon the first conviction when the amount of marijuana involved is *at least ten pounds, but less than 50 pounds: three years in prison* and a fine of $15,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity. . . .

(iii) upon conviction when the amount of marijuana involved is *at least 50 pounds: five years in prison* and a fine of $50,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity.

18 Pa.C.S. § 7508(a)(1) (emphasis added).[6]

Section 113(f)(2) of the Controlled Substance, Drug, Device and Cosmetic Act (hereinafter, "Drug Act") provides:

(f) Any person who violates clause (12), (14) or [clause] (30) of subsection (a) with respect to:

(2) Any other controlled substance or counterfeit substance classified in Schedule I, II, or III, is guilty of a felony and upon conviction thereof *shall be sentenced to imprisonment not exceeding five years,* or to pay a fine not exceeding fifteen thousand dollars ($15,000), or both.[7]

35 P.S. § 780–113(f)(2) (emphasis added).

The alleged inconsistency arises from the fact that § 7508(a)(1)(iii) sets the *minimum* sentence for the marijuana trafficking of over fifty pounds at five years, while Section 113(f)(2) provides that five years is the *maximum* sentence for

**6.** Section 7508 was amended as of December 19, 1990. Since all the defendants' criminal conduct occurred prior thereto, the pre-amendment version is applicable and is cited. However, the amendments have no bearing on the issues presented since they merely add an amount of "live plants" which correspond with the marijuana weight categories listed in the statute.

**7.** The term "controlled substance" includes marijuana. *See* 35 P.S. §§ 780–102 and 780–104(1)(iv). Marijuana is classified in Schedule I, 35 P.S. § 780–104(1)(iv), and it is not a "narcotic drug" as defined in 35 P.S. § 780–102.

that offense. This result is incompatible with section 9756(b) of the Sentencing Code, which provides as follows:

> (b) Minimum sentence.—The court shall impose a minimum sentence of confinement *which shall not exceed one-half of the maximum sentence imposed.* (emphasis supplied).

42 Pa.C.S. § 9756(b) (emphasis added).

Section 7508(a)(1)(ii) (three year minimum sentence for marijuana trafficking of between ten and fifty pounds) is equally troublesome. Section 113(f)(2) of the Drug Act sets the maximum sentence for the offense at five years, which again results in the minimum sentence exceeding one-half of the maximum sentence.

Litzenberger[8], Bell, and Tischler (hereinafter collectively referred to as "Defendants"), along with the Defender Association of Philadelphia as amicus curiae, argue that § 7508(a)(1)(ii) and (iii) cannot be constitutionally applied because the *ad hoc* judicial creation of a maximum sentence makes the penalty unduly vague and unknowable. Defendants contend that due process, guaranteed by Article I, Section 9 of the Pennsylvania Constitution and the Fourteenth Amendment to the United States Constitution, precludes sentences without definite maximums.

■ The Attorney General as amicus curiae contends that the failure to provide a statutory maximum sentence does not raise constitutional concerns.[9] At the same time, however, the

---

8. Litzenberger also raises separate issues concerning his sentence, which will be addressed *infra*.

9. The Attorney General, as amicus curiae, cites several federal cases and various cases from other states in which it was held that sentencing statutes are not unconstitutionally vague for failure to fix a maximum sentence. These cases are neither persuasive or controlling. It appears that the United States Supreme Court has not specifically spoken on this issue. Even assuming the Court would adopt the approach followed by the federal courts, our court would not be bound by that decision. *See, Commonwealth v. Edmunds,* 526 Pa. 374, 586 A.2d 887 (1991).

We believe that fairness requires that a defendant be notified of the maximum sentence he could face for committing a particular offense. Otherwise, the trial judge is free to impose an arbitrary or discriminatory sentence. Moreover, a defendant who desires to plead guilty to an

Attorney General contends that a maximum sentence in the instant case is provided by 18 Pa.C.S. § 1103 (which establishes 20, 10, and 7 year maximum sentences for felonies of the first, second, and third degree, respectively). To support its position that the offense at issue is a felony, the Attorney General relies on the same provision that it argues is impliedly repealed, 35 P.S. § 780–113(f)(2). As noted, that provision establishes that one who violates § 113(a)(30) with respect to a controlled substance classified in Schedule I, II or III, is guilty of a *felony* punishable by a *maximum of five years* incarceration. The Attorney General cannot cite the provision for one proposition in order to trigger the application of 18 Pa.C.S. § 1103, while contending that it was impliedly repealed by § 7508.

In any case, § 1103 does not resolve the matter. The general provisions of the Crimes Code set forth the classifications of crimes. Section 106(b)(5) states that a crime declared to be a felony, without specification of degree, is of the third degree. 18 Pa.C.S. § 106(b)(5). Thus, § 1103 would suggest a maximum sentence of seven years for the violations at issue. This result is inconsistent with the five year maximum set forth in § 113(f)(2). Because a specific provision controls over a general one, 1 Pa.C.S. § 1932, the five year maximum sentence in the Drug Act would prevail.

The Commonwealth contends that the five year minimum sentence in § 7508 impliedly repeals the five year maximum sentence set forth in § 113(f)(2) of the Drug Act because it was enacted later in time. 1 Pa.C.S. § 1936. It contends that the minimum-maximum rule of § 9756(b) of the Sentencing Code can be given effect by assuming that the legislature intended a ten year maximum sentence since it promulgated a five year minimum.

offense would have no indication of the wide range of punishment that the trial judge could impose or the amount of time he would have to serve until he was eligible for parole. This interpretation of our Commonwealth's due process clause rests firmly on state constitutional grounds. *See, Michigan v. Long,* 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983).

The Commonwealth finds support for its position in the Superior Court opinions of *Commonwealth v. Morales,* 394 Pa.Super. 160, 575 A.2d 148 (1990), and *Commonwealth v. Guzman,* 417 Pa.Super. 364, 612 A.2d 524 (1992).

In *Commonwealth v. Morales,* the Superior Court held that § 7508(a)(1)(iii) impliedly repealed § 113(f)(2) of the Drug Act. The court went on to hold:

> Accordingly, the trial court was required to sentence appellant to a minimum term of imprisonment of five to ten years and a fine of $50,000.00. Although the statute does not explicitly set forth the maximum authorized sentence in cases to which it is applicable, we find that since "a minimum sentence of confinement ... shall not exceed one-half of the maximum sentence imposed," 2 Pa.C.S. § 9756(b), *it implicitly sets forth a maximum sentence of at least ten years imprisonment* and a fine of $100,000.00.

(emphasis added). *Id.,* 394 Pa.Super. at 162, 575 A.2d at 149.[10]

This argument is only superficially appealing. A closer analysis of § 9756(b) reveals that although the minimum sentence may not *exceed* one-half of the maximum sentence, the statute does not require that the minimum sentence *equal* one-half of the maximum one. For example, a minimum sentence of five years may be a valid sentence if the prescribed maximum is ten years. However, a five year minimum sentence may also be a valid sentence if the maximum sentence is fifteen years, twenty years or one-hundred years. In all of the examples, the minimum sentence would not exceed one-half of. the maximum. Thus, this interpretation would force us to engage in sheer speculation as to which maximum sentence the General Assembly intended. Similarly, the "maximum sentence · of *at least* ten years imprisonment" found in *Morales* is no maximum at all; it is merely a minimum range of a maximum sentence.

**10.** In *Commonwealth v. Guzman,* 417 Pa.Super. 364, 612 A.2d 524 (1992), the Superior Court reaffirmed its holding in *Morales* and held that § 7508(a)(3)(iii) (corresponding sentencing provision for cocaine trafficking) was constitutional and impliedly repealed the sentencing provisions set out in 35 P.S. § 780–113.

■ A lawfully enacted statute commands a presumption of constitutionality and should be upheld unless it clearly, palpably, and plainly violates the constitution. *Commonwealth v. Blystone*, 519 Pa. 450, 549 A.2d 81 (1988), *aff'd,* 494 U.S. 299, 110 S.Ct. 1078, 108 L.Ed.2d 255 (1990).

■ The initial argument that § 7508 impliedly repealed § 113(f)(2) is based on the assumption that these provisions are irreconcilable. We find, however, that it is possible for the two provisions to be consistently applied in regards to terms of incarceration.[11]

■ Section 7508(a)(1)(ii)'s mandatory minimum sentence of three years read together with § 113(f)(2)'s maximum five year sentence results in a three to five year sentence for individuals convicted of possession with the intent to deliver between ten and fifty pounds of marijuana.[12] Similarly, one convicted of possession with the intent to deliver at least fifty pounds of marijuana would be sentenced to a flat five year term of imprisonment (five year minimum and five year maximum). This construction provides us with a maximum sentence and therefore allows us to avoid striking the provisions as void for vagueness.

As noted, however, this result is inconsistent with § 9756(b), which states that the minimum sentence cannot exceed one half of the maximum sentence. This, however, does not raise constitutional concerns. Although both parties are correct in asserting that the minimum-maximum rule of § 9756(b) is a longstanding concept in our Commonwealth, it is a statutory

11. As to the provisions regarding fines, § 7508(a)(1)(iii) is clearly inconsistent with § 113(f)(2) of the Drug Act. The former sets forth a fine of $50,000, while the latter provides that the fine cannot exceed $15,000. This does not change our analysis of the provisions affecting imprisonment.

The fine provisions in § 7508 prevail over the fines set forth in the Drug Act since the prefatory language in § 7508 directs us to disregard statutes to the contrary. *See also,* 1 Pa.C.S. § 1936 (statute latest in date shall prevail).

12. The trial court judge in Litzenberger's case noted in his opinion that although he favored this approach, he found himself bound by *Commonwealth v. Morales,* 394 Pa.Super. 160, 575 A.2d 148 (1990).

and not a constitutional provision. Therefore, the prefatory language in § 7508 providing "Notwithstanding any other provision of this or any other act to the contrary" carves an exception to the minimum-maximum rule when sentencing a defendant under § 7508. The prefatory language does not compel us to disregard the term of imprisonment set forth in § 113(f)(2) since it is possible for § 113(f)(2) and § 7508 to be consistently applied.

We find this interpretation to be the most desirable since it furthers the intent of the legislature to invoke harsher minimum penalties for drug trafficking, without raising constitutional concerns. We have reviewed the legislative history of § 7508 and observed that the sole argument against the provision was the resulting overpopulation of the Commonwealth's prisons. The legislators did not specifically discuss the aspects of a maximum sentence for the offenses referred to in § 7508 or the effect that the mandatory minimum sentences in § 7508 had on the maximum sentences set forth by the Drug Act. One proponent of the legislation spoke as follows:

> [W]e who represent Pennsylvania and the society of Pennsylvania make a policy decision on the issues that we are dealing with—that is the sale of drugs. It is so great and does such a devastating social and economic and personal harm to not only our young people, but our people and our society in general, that in order to deal with this we have to try to provide some deterrents. This bill is more about deterrents than punishment ... [T]hese are people who have these types of drugs in their possession, are people who are not the street seller but the individual who is involved in it for a business and the kind of people we all want to get off the street to prevent them from continuing their activities.

Senator Greenleaf, February 23, 1988, Legislative Journal at 1784.

Since it appears the legislature was attempting to invoke harsher penalties, we must presume that the legislature intended a five year maximum sentence as set forth in the Drug

Act since it is the only constitutional maximum sentence available.

In summary, we hold that although the legislature did not expressly provide a maximum sentence in § 7508(a)(1)(ii) or (iii), one can be reasonably implied when that section is read together with § 113(f)(2) of the Drug Act. The fact that this construction is contrary to § 9756(b)'s minimum-maximum rule is of no constitutional moment.

Defendant Litzenberger also contends that § 7508 violates Article III, Section 6 of the Pennsylvania Constitution, which states:

No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only, but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length.

Specifically, Litzenberger argues that the implied repeal of the maximum sentence provided in § 113(f)(2) violates the aforementioned constitutional provision. Since we have given effect to the maximum sentence in § 113(f)(2), this claim fails.

Finally, Litzenberger contends that the Commonwealth failed to comply with the notice provision of § 7508(b), which provides as follows:

... Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided *after conviction and before sentencing* ....

(emphasis added) 18 Pa.C.S. § 7508(b).

Litzenberger concedes that defense counsel received a letter from a Deputy District Attorney, before trial, stating in part:

Defendant faces a minimum mandatory sentence of 3 years and $15,000 fine. If forced to go to trial I would have to seek that minimum mandatory sentence.

He argues, however, that because he did not receive that notice "after conviction and before sentencing," the Commonwealth violated § 7508(b).

Assuming the Commonwealth did technically violate the provision, the error, at most, is harmless. *See, Commonwealth v. Story,* 476 Pa. 391, 383 A.2d 155 (1978) (An error is harmless if the Commonwealth proves beyond a reasonable doubt that the defendant was not prejudiced). When arguing this issue prior to Litzenberger's sentencing, defense counsel admitted that he was not surprised that the Commonwealth was seeking the mandatory minimum sentence. Moreover, defense counsel prepared and presented to the trial judge a sentencing memorandum in opposition to the mandatory minimum sentence. Defense counsel even stated to the trial judge that there was nothing that he could do that he had not already done, and that he was not claiming prejudice due to the lack of notice. (N.T. 10/08/91, 14–20). By receiving notice prior to trial, Litzenberger was given notice earlier than is required by the statute. This claim is therefore meritless.

Accordingly, we reverse and remand the orders of the lower courts for resentencing in accordance with this opinion.

CASTILLE, J., did not participate in the consideration or decision of this case.

PAPADAKOS, J., concurs in the result.

MONTEMURO, J., is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94 R1801, due to the unavailability of LARSEN, J., see No. 127 Judicial Administration Docket No. 1, filed October 28, 1993.