J-S46013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAMIK BANKS | : | |
| | : | |
| Appellant | : | No. 1038 EDA 2020 |

Appeal from the PCRA Order Entered February 20, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002500-2011

BEFORE: BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED JANUARY 5, 2021**

Appellant, Ramik Banks, appeals *pro se* from the trial court's February 20, 2020, order denying his petition for writ of *habeas corpus*. After careful review, we affirm.

The facts of Appellant's underlying convictions are not pertinent to his present appeal. We only note that on April 20, 2012, a jury convicted Appellant of first-degree murder and related offenses. He was sentenced that same day to life imprisonment without the possibility of parole ("LWOP"). Appellant filed a timely appeal and, after this Court affirmed his judgment of sentence, our Supreme Court denied his petition for allowance of appeal. ***Commonwealth v. Banks***, 83 A.3d 1064 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 87 A.3d 317 (Pa. 2014). Appellant thereafter filed a timely petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, which was ultimately dismissed by the PCRA court. We

affirmed the PCRA court's dismissal of Appellant's petition on appeal. ***Commonwealth v. Banks***, 215 A.3d 688 (Pa. Super. 2019) (unpublished memorandum).

On July 23, 2019, Appellant filed a *pro se* petition for writ of *habeas corpus*, which underlies his present appeal. Therein, he claimed, *inter alia*, that the statute under which his LWOP sentence was imposed, 18 Pa.C.S. § 1102, is void for vagueness, as it does not provide adequate notice of the impossibility of parole. On February 20, 2020, the trial court issued an order denying Appellant's petition for writ of *habeas corpus*. Appellant filed a timely, *pro se* notice of appeal, and he also complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Therein, he preserved the following, single issue that he raises on appeal:

> A. Whether the trial court abused its discretion in dismissing Appellant's state *habeas corpus* petition alleging penal statute 18 Pa.C.S. [§] 1102(a) is unconstitutional and void under the vagueness doctrine because the statute fails to give a person of ordinary intelligence fair notice that its true penalty is life imprisonment "without parole?"

Appellant's Brief at 3.

Initially, we observe that Appellant raised this exact same claim in his timely-filed PCRA petition, which was denied by the PCRA court and addressed by this Court in Appellant's prior appeal. ***See Commonwealth v. Banks***, No. 356 EDA 2018, unpublished memorandum (Pa. Super. filed June 8, 2018) ("[Appellant] claims that the statute authorizing his sentence is unconstitutionally vague, as it fails to state that a sentence of life in prison

under the statute is without the possibility of parole."). In affirming the PCRA court's denial of Appellant's petition, we noted that this Court had rejected the same void-for-vagueness challenge to section 1102 in **Commonwealth v. Rouse**, 191 A.3d 1 (Pa. Super. 2018). There, Rouse filed a PCRA petition alleging that section 1102 failed to give adequate notice of the impossibility of parole and was, therefore, void for vagueness. The **Rouse** panel held that the claim did not implicate the legality of Rouse's sentence and, therefore, it was not cognizable under the PCRA. **Id.** at 6-7. Next, the panel concluded that Rouse had waived his section 1102 challenge by not raising it at sentencing or in a post-sentence motion. **Id.** at 7.

Applying **Rouse** in Appellant's prior PCRA appeal, this Court first determined that Appellant had improperly raised his void-for-vagueness claim in a PCRA petition. **See Banks**, No. 356 EDA 2018, at *7. Second, we held that, even had Appellant properly raised his claim in a petition for writ of *habeas corpus*, he had waived it by failing to raise it at sentencing or in a post-sentence motion. **Id.** Alternatively, we noted that we would have rejected Appellant's void-for-vagueness challenge on the merits, adopting the following rationale set forth by the PCRA court:

> "[D]uly enacted legislation carries with it a strong presumption of constitutionality." **Commonwealth v. Turner**, 80 A.3d 754, 759 (Pa. 2013). It will therefore be upheld, "unless it clearly, palpably, and plainly violates the constitution." **Commonwealth v. Neiman**, 84 A.3d 603, 611 (Pa. 2013) (internal quotations omitted). Under the void-for-vagueness standard, a statute is unconstitutional if it is "so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application." **Commonwealth v. Davidson**, 938 A.2d 198,

- 3 -

207 (Pa. 2007). On the other hand, a statute will pass constitutional muster[] if it "define[s] the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." **Id.** (quoting **Kodender v. Lawson**, 461 U.S. 352, 357 (1983)). Specifically, a sentencing statute is constitutional if it states with specific clarity the consequences of violating a criminal statute. **Commonwealth v. Berryman**, 649 A.2d 961, 985 (Pa. Super. 1994) (citing **U.S. v. Batchelder**, 442 U.S. 114, 123 (1979)).

Here, the sentencing statute at issue, 18 Pa.C.S. § 1102(a)(1), plainly states that a person convicted of first[-]degree murder "shall be sentenced to death or a term of life imprisonment." While section 1102(a)(1) is silent about parole eligibility, a separate statute unambiguously provides that the parole board is without power to parole anyone serving a sentence of life imprisonment. 61 Pa.C.S. § 6137(a)(1) ("The board may parole … any inmate to whom the power to parole is granted to the board by this chapter, except an inmate condemned to death or serving life imprisonment…."). Moreover, the fact that parole eligibility is codified in a separate statute is irrelevant, since both statutes read together put [a] defendant on notice that the penalty for first[-]degree murder is life without parole or death. **See Commonwealth v. Bell**, 645 A.2d 211, 218 (Pa. 1994) (mandatory minimum statute … was not unconstitutionally vague for failing to specify a [] sentence since the [sentence] was implied when read together with other statutes).

**Id.** at 7-8 (quoting PCRA Court Opinion, 4/11/18, at 11-12).

Reviewing this Court's decision in Appellant's prior, PCRA appeal, it is clear that we have already rejected, as waived and/or meritless, the same challenge to section 1102 that Appellant presents herein. Accordingly, we are bound to affirm, for the same reasons set forth in Appellant's previous appeal, the trial court's order dismissing his void-for-vagueness challenge to section 1102. **See Commonwealth v. Starr**, 664 A.2d 1326, 1331 (Pa. 1995) ("[T]his Court has long recognized that judges of coordinate jurisdiction sitting

in the same case should not overrule each others' decisions.") (citation omitted).

Order affirmed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/05/2021</u>