J-A22007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| HOWARD D. ERDLEY | : | |
| | : | |
| Appellant | : | No. 87 WDA 2022 |

Appeal from the Judgment of Sentence Entered September 7, 2021
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s): CP-03-CR-0000621-2020

BEFORE:   OLSON, J., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: OCTOBER 25, 2022**

Appellant, Howard D. Erdley, appeals from the judgment of sentence entered on September 7, 2021, following his guilty plea to driving under the influence of alcohol (DUI) (general impairment) and driving while operating privilege is suspended or revoked (second offense).[1]  On appeal, Appellant asserts that 75 Pa.C.S.A. § 1543(b)(1.1)(ii), a provision within the Motor Vehicle Code that addresses the grading, fine, and minimum term of imprisonment to be imposed following a second conviction for driving while operating privilege is suspended or revoked, is unconstitutionally vague.  For the reasons expressed in this Court's prior decision in **Commonwealth v. Rollins**, 270 A.3d 1152 (Pa. Super. 2021) (unpublished memorandum), we

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(a)(2) and 1543(b)(1.1)(i), respectively.

conclude that Section 1543(b)(1.1)(ii) is not unconstitutionally vague and, therefore, affirm.

The trial court briefly summarize the facts and procedural history of this case as follows:

> On May 20, 2021, [Appellant] pleaded guilty to [the aforementioned crimes]. The [trial c]ourt sentenced [Appellant] to three to six months' incarceration on the DUI count and six to 12 months' incarceration on the driving under suspension count [pursuant to the grading and penalty provision of 75 Pa.C.S.A. § 1543(b)(1.1)(ii). The] sentences [were imposed] consecutively. [Appellant] filed, with leave of court, a post-sentence motion *nunc pro tunc* on September 28, 2021. The [trial c]ourt denied the motion on December 15, 2021. [Appellant] filed a timely notice of appeal on January 14, 2022, and the [trial c]ourt directed the filing of a [] [c]oncise [s]tatement [of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)] on January 19, 2022. [Appellant] timely complied on February 3, 2022. [The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on February 7, 2022.]
>
> In his [Rule 1925(b)] concise statement, [Appellant] challenge[d] only the incarceration portion of the sentence imposed for driving under suspension. He argue[d] that the sentence was unlawful because [Section] 1543(b)(1.1)(ii) violate[d] the "minimum-maximum rule as analyzed in ***Commonwealth v. Eid***, 249 A.3d 1030 (Pa. 2021)." [Appellant] raised the same issue in his post-sentence motion. In denying the motion, the [trial c]ourt concluded that [Appellant's] sentence imposed pursuant to 75 Pa.C.S.A. § 1543(b)(1.1)(ii),[2] was not unlawful under ***Eid*** because, unlike [Section] 1543(b)(1.1)(i), which was at issue in ***Eid***, the [Crimes Code supplies the missing maximum sentencing term and] provides for a statutory maximum of 12 months' incarceration for all third-degree misdemeanors. ***See*** 18 Pa.C.S.A. § 1104(3). Thus, the applicable range of sentences is

---

[2] "A second violation of [Section 1543(b)(1.1)] shall constitute a misdemeanor of the third[-]degree, and upon conviction thereof the person shall be sentenced to pay a fine of $2,500[.00] and to undergo imprisonment for not less than six months." 75 Pa.C.S.A. § 1543(b)(1.1)(ii).

clear and the statute, when interpreted with the applicable provisions of the Sentencing Code, is not unconstitutionally vague.

Further, although the [trial c]ourt ha[d] not uncovered in its research any cases applying the holding in *Eid* to [Section] 1543(b)(1.1)(ii), the Superior Court [in *Rollins*, *supra*] has applied *Eid* to [Section] 1543(b)(1)(iii), which has substantially the same grading and sentencing language as [Section] 1543(b)(1.1)(ii). Section 1543(b)(1)(iii) provides, in pertinent part, as follows:

> A third or subsequent violation of this paragraph shall constitute a misdemeanor of the third[-]degree and, upon conviction of this paragraph, a person shall be sentenced to pay a fine of $2,500[.00] and to undergo imprisonment for not less than six months.

75 Pa.C.S.A. § 1543(b)(1)(iii). In [*Rollins*,] which [the trial c]ourt cite[d] for its persuasive authority, *see* Pa.R.A.P. 126(b)(1)[-]2 and Super. Ct. IOP 65.37(B), the defendant challenged his incarceration sentence of six to 12 months under [Section] 1543(b)(1)(iii) on the ground that, under *Eid*, that subsection was unconstitutionally vague. [*Rollins*, 270 A.3d 1152, at *1 (Pa. Super. 2021) (unpublished memorandum]. The Superior Court affirmed the sentence [in *Rollins*], concluding as follows:

> Though the "not less than" language is identical in both Section 1543(b)(1.1)(i), which was at issue in *Eid*, and Section 1543(b)(1)(iii), they are distinguishable by way of grading. Section 1543(b)(1.1)(i) is graded as a summary offense while Section 1543(b)(1)(iii) is graded as a misdemeanor of the third[-]degree. The grading is significant because 75 Pa.C.S.A. § 6502(c) provides that the Crimes Code's provisions regarding fines and imprisonment do not apply to summary convictions under the Vehicle Code. *See* 75 Pa.C.S.A. § 6502(c) ("Title 18 (relating to crimes and offenses), insofar as it relates to fines and imprisonment for convictions of summary offenses, is not applicable to this title").

> No such provision exists for misdemeanors under the Vehicle Code. As a result, the sentencing provisions of the Crimes Code apply. Rollins was found guilty of a misdemeanor of the third[-]degree, and relevant provisions of the Crimes Code provide a maximum sentence of one

- 3 -

year. *See* 75 Pa.C.S.A. § 1543(b)(1)(iii); 18 Pa.C.S.A. § 106(b)(8) ("A crime is a misdemeanor of the third[-]degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than one year."). Therefore, Section 1543(b)(1)(iii) is not unconstitutionally vague, pursuant to *Eid*.

[*Rollins*], at *2. *See also* 18 Pa.C.S.A. § 1104(3)[(sentence of imprisonment for misdemeanors).] Thus, although [Section] 1543(b)(1.1)(ii) was not at issue in *Rollins*, given the similarity of language, [the trial c]ourt conclude[d] that its rationale and holding are strongly pervasive and should control here. Subsection 1543(b)(1.1)(ii) is not unconstitutionally va[gu]e.

Trial Court Opinion, 2/7/2022 (unpaginated) (original footnote incorporated).

Citing *Eid*, on appeal, Appellant argues that 75 Pa.C.S.A. § 1543(b)(1.1)(ii) "only provides a minimum sentence, but is silent on a maximum sentence, and is [] violative of the minimum-maximum rule and is therefore unconstitutional under the same principles articulated by our Supreme Court in *Eid*." Appellant's Brief at 6.

"Analysis of the constitutionality of a statute is a question of law and, thus, our standard of review is *de novo*." *Commonwealth v. Proctor*, 156 A.3d 261, 268 (Pa. Super. 2017) (citation omitted). "Our scope of review, to the extent necessary to resolve the legal question before us, is plenary." *Id.* (brackets, ellipses, and citation omitted).

In 2021,

our Supreme Court decided *Commonwealth v. Eid*, 249 A.3d 1030 (Pa. 2021). There, the defendant was found guilty of the **summary** offense of [driving while operating privilege is suspended] by a person who refused a breath test. *See* 75 Pa.C.S.A. § 1543(b)(1.1)(i). The Court held that due to the "absence of a maximum term," Section 1543(b)(1.1)(i) was

- 4 -

"unconstitutionally vague and inoperable[.]" *Eid*, 249 A.3d at 1044. The Court stated that it refused to infer a maximum sentence because by doing so it would have been forced to "engage in sheer speculation as to which sentence the General Assembly intended." *Id.* at 1043, *quoting Commonwealth v. Bell*, 645 A.2d 211, 217 (Pa. 1994).

*Rollins*, 270 A.3d 1152, at *1 (emphasis added).

Our Court in *Rollins* subsequently distinguished *Eid,* explaining,

grading is significant because 75 Pa.C.S.A. § 6502(c) provides that the Crimes Code's provisions regarding fines and imprisonment do not apply to summary convictions under the Vehicle Code. *See* 75 Pa.C.S.A. § 6502(c) ("Title 18 (relating to crimes and offenses), insofar as it relates to fines and imprisonment for convictions of summary offenses, is not applicable to this title").

No such provision exists for misdemeanors under the Vehicle Code. As a result, the sentencing provisions of the Crimes Code apply.

*Rollins*, 270 A.3d 1152, at *2. Under the Crimes Code, "[a] crime is a misdemeanor of the third[-]degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than one year." *Id.*, *citing* 18 Pa.C.S.A. § 106(b)(8). Thus, the *Rollins* Court determined that Section 1543(b)(1)(iii) was not unconstitutionally vague.

Here, Appellant was convicted of a second violation of driving while operating privilege is suspended or revoked. The statute provides that a second violation of Section 1543(b)(1.1) constitutes a third-degree misdemeanor and that an individual, upon conviction, shall "be sentenced to pay a fine of $2,500[.00] and to undergo imprisonment for not less than six

months." 75 Pa.C.S.A. § 1543(b)(1.1)(ii). While the language of Section 1543(b)(1.1)(ii), as set forth above, does not specify a maximum sentence, the offense "constitute[s] a misdemeanor of the third-degree" and the statute plainly contemplates imprisonment for not less than six months following a second violation. *Id.* For the reasons expressed in *Rollins*,[3] we read the Crimes Code in conjunction with Section 1543(b)(1.1)(ii), which is substantially similar to Section 1543(b)(1)(iii), the Motor Vehicle Code provision at issue in *Rollins.* Hence, we hold that Section 1543(b)(1.1)(ii) is not unconstitutionally vague.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2022

---

[3] *See* Pa.R.A.P. 126(b) (providing that unpublished non-precedential memorandum decisions of the Superior Court filed after May 1, 2019 may be cited for their persuasive value). Additionally, we recognize that on June 22, 2022, the Pennsylvania Supreme Court granted allowance of appeal in *Rollins*. *See Commonwealth v. Rollins*, 280 A.3d 861 (Pa. 2022). If or until the Supreme Court finds otherwise, however, we are persuaded by the rationale expressed by another panel of this Court in *Rollins*.