**IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT**

**TODD, C.J., DONOHUE, DOUGHERTY, WECHT, MUNDY, BROBSON, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 70 MAP 2022 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court dated December 21, |
| | : | 2021 at No. 161 EDA 2021 Affirming |
| v. | : | the Judgment of Sentence of the |
| | : | Chester County Court of Common |
| | : | Pleas, Criminal Division, dated |
| JOSEPH MELVIN ROLLINS, | : | December 3, 2020 at No. CP-15- |
| | : | CR-0003756-2019. |
| Appellant | : | |
| | : | SUBMITTED:  January 18, 2023 |

## OPINION

**JUSTICE MUNDY**                                    **DECIDED:  April 19, 2023**

In *Commonwealth v. Eid*, 249 A.3d 1030 (Pa. 2021), this Court found Section 1543(b)(1.1)(i) of the Vehicle Code unconstitutionally vague in contravention of state and federal due process principles because it failed to specify a maximum term of imprisonment.  We granted allowance of appeal in this case to determine whether another subsection of that same statute, Section 1543(b)(1)(iii), is unconstitutional for similarly failing to specify a maximum term of imprisonment.  We decline to find this provision unconstitutional and therefore affirm the Superior Court's order.

We begin by recounting the language of Section 1543, as it is central to this case:

**(a) Offense defined.** – Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has

been restored is guilty of a summary offense and shall, upon conviction or adjudication of delinquency, be sentenced to pay a fine of $200.

**(b) Certain offenses.** –

(1) The following shall apply:

(i) A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon a first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

(ii) A second violation of this paragraph shall constitute a summary offense and, upon conviction of this paragraph, a person shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for not less than 90 days.

**(iii) A third or subsequent violation of this paragraph shall constitute a misdemeanor of the third degree and, upon conviction of this paragraph, a person shall be sentenced to pay a fine of $2,500 and to undergo imprisonment for not less than six months.**

(1.1)(i) A person who has an amount of alcohol by weight in his blood that is equal to or greater than .02% at the time of testing or who at the time of testing has in his blood any amount of a Schedule I or nonprescribed Schedule II or III controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, or its metabolite or who refuses testing of blood or breath and who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 or former section 3731 or because of a violation of section

> 1547(b)(1) or 3802 or former section 3731 or is suspended under section 1581 for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon a first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

75 Pa.C.S. § 1543(a)-(b) (emphasis added).

We now turn to the background of the instant matter. On October 22, 2022, Appellant Joseph Melvin Rollins proceeded to a stipulated trial and was ultimately convicted of one count of violating Section 1543(b)(1)(iii). The trial court imposed a sentence of six months to one year of imprisonment and a mandatory fine of $2,500. Appellant filed a timely notice of appeal. The trial court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant's attorney instead filed an *Anders/Santiago*[1] brief indicating there were no meritorious issues to pursue on appeal. The trial court thereafter issued an opinion explaining it would wait for the Superior Court to determine whether there were meritorious issues on appeal before submitting an opinion pursuant to Pa.R.A.P. 1925(a). *See* Pa.R.A.P. 1925(c)(4). Before Appellant's attorney filed the *Anders/Santiago* brief, this Court issued its decision in *Eid*.

There, Eid argued that Section 1543(b)(1.1)(i), recounted above, was unconstitutionally vague in violation of state and federal due process principles for failing to provide a clear statutory maximum term of imprisonment. *Id.* at 1041. We agreed. In doing so, this Court declined the Commonwealth's request to infer a maximum penalty or a flat sentence based on various statutory provisions and our previous decision in *Commonwealth v. Bell*, 645 A.2d 211 (Pa. 1994). With respect to the former, we

---

[1] *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

disagreed with the Commonwealth that Section 6503(a)[2] of the Vehicle Code could be used to infer a six month maximum penalty, as that provision only pertained to second or subsequent violations of unrelated Vehicle Code violations. *Eid*, 249 A.3d at 1042. We also rejected the Commonwealth's assertion that Section 9756(c.1)(2) of the Sentencing Code expressly sanctions the imposition of flat sentences for violations of the Vehicle Code, explaining "[t]hat provision merely permits the imposition of a sentence of imprisonment without parole where, among other things, 'the maximum sentence of total confinement imposed on one or more indictments to run consecutively or concurrently total 90 days or less.'" *Id.* at 1043 (quoting 42 Pa.C.S. 9756(c.1)(2)). We further noted that provision "does not constitute a standalone exception to the general rule of minimum-maximum sentencing applicable here." *Id.* The minimum-maximum rule, set forth in Section 9756(b)(1) of the Sentencing Code, provides that "the court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed." 42 Pa.C.S. § 9756(b)(1).

We further found the Commonwealth's reliance on *Bell* unavailing. In *Bell*, this Court rejected a claim that the mandatory minimum sentencing statute for marijuana trafficking was impermissibly vague in violation of state and federal due process principles, finding the provision could be interpreted consistently with other statutes in such a way to infer a maximum sentence for the offenses. *Bell*, 645 A.2d at 213. We specifically addressed alleged inconsistencies between Section 7508(a)(1)(ii)-(iii) of the Crimes Code, 18 Pa.C.S. § 7508(a)(1)(ii)-(iii), and Section 113(f)(2) of the Controlled Substance, Drug, Device and Cosmetic Act (Drug Act), 35 P.S. § 780-113(f)(2), in light of

---

[2] This section states: "Every person convicted of a second or subsequent violation of any of the following provisions shall be sentenced to pay a fine of not less than $200 nor more than $1,000 or to imprisonment for not more than six months, or both[.]" 75 Pa.C.S. § 6503(a).

the maximum-minimum rule in Section 9756(b)(1) of the Sentencing Code. *Id.* at 214-15. Section 7508(a)(1)(ii)-(iii) of the Crimes Code provided for a minimum term of three to five years for violating certain clauses of Section 113(a) of the Drug Act, while Section 113(f)(2) of the Drug Act provided for a maximum term of five years for violating those same clauses. *Id.* We concluded that Section 7508 and Section 113(f)(2) allowed for a sentence of three to five years or a flat sentence of five years. *Id.* at 217. Our Court recognized this result ran afoul of the maximum-minimum rule but explained that provision is statutory rather than constitutional. The prefatory language in Section 7508, therefore, carved out an exception to the minimum-maximum rule and did not require this Court to disregard the term of imprisonment provided in Section 113(f)(2), as it could be consistently applied with Section 7508. *Id.* We also found this approach most consistent with the legislature's intent to impose harsher minimum penalties for drug trafficking offenses without raising constitutional concerns. *Id.*

The *Eid* Court emphasized *Bell* has never been applied beyond the particular mandatory sentencing scheme of the Drug Act. *Eid*, 249 A.3d at 1043. We further explained that applying the *Bell* rationale in *Eid* would have required sheer speculation, as the relevant provisions of the Vehicle Code did not contain any similar prefatory language, making the general maximum-minimum rule applicable. We further opined:

> If we were to infer a statutory maximum of six months as the Commonwealth requests, however, then "not less than" necessarily would also mean "not more than" ninety days in order to comply with the general rule, in which case the limiting phrase would be superfluous. A similar problem would arise if we were to infer any maximum below six months, as it immediately would run counter to the general rule. Given the absence of a statutory hook by which to fashion a principled exception to the rule in that manner, that result would be particularly untenable.

*Id.* As a result, we ultimately concluded that the absence of a maximum term in Section 1543(b)(1.1)(i) of the Vehicle Code rendered the provision "unconstitutionally vague and

inoperable for the time being." *Id.* at 1044.  Our Court left it to the legislature to remedy this flaw either by "amending the statute to provide for a maximum term of imprisonment or by expressly permitting flat sentences within a range not to exceed that maximum sentence." *Id.*[3]

Following *Eid*, Petitioner in the instant matter filed a merits brief alleging that Section 1543(b)(1)(iii) was similarly unconstitutionally vague in violation of state and federal due process principles.  The Superior Court unanimously affirmed in an unpublished memorandum decision.  *See Commonwealth v. Rollins*, 161 EDA 2021; 2021 WL 6051180 (Pa. Super. Dec. 21, 2021).  The Superior Court found that although the instant statute and the one at issue in *Eid* both contain the same "not less than" language and fail to explicitly state a maximum term of imprisonment, the two are distinguishable because they are graded differently.  *Id.* at *2.  The statute at issue in *Eid* is graded as a summary offense, while the instant statute is graded as a misdemeanor of the third degree.  *Id.*  The Superior Court found this difference in grading significant because the Vehicle Code explicitly states: "Title 18 (relating to crimes and offenses), insofar as it relates to fines and imprisonment for convictions of summary offenses, is not applicable to this title."  *Id.*  Because no such provision exists for misdemeanors, the Superior Court applied the sentencing provisions set forth in the Crimes Code to infer a maximum penalty of one year imprisonment.  *Id.* (citing 18 Pa.C.S. § 106(b)(8) ("A crime is a misdemeanor of the third degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than one year.")).  The Superior Court therefore concluded Section 1543(b)(1)(iii) is not unconstitutionally vague.  *Id.*

---

[3] The legislature has not yet amended the subsection of the statute declared unconstitutional in *Eid* but has introduced legislation in an effort to cure this deficiency.

Appellant filed a petition for allowance of appeal. We granted review in this matter to address the following issue: "Did the Superior Court err in finding that the absence of a maximum term did not render the [driving under a suspended license] sentencing provision under 75 Pa.C.S.[ ] § 1543(b)(1)(iii) unconstitutionally vague violating state and federal due process provisions?" *Commonwealth v. Rollins*, 280 A.3d 861 (Pa. June 22, 2022) (per curiam).

Appellant notes that the language in Section 1543(b)(1)(iii) is "practically identical" to the statute at issue in *Eid* and similarly fails to provide a maximum sentence. Appellant's Brief at 14. Appellant therefore claims our rationale in *Eid* for not inferring a maximum sentence applies with equal force here. He specifically references the portion of *Eid* in which this Court stated that inferring a statutory maximum of six months would render the statute's limiting phrase superfluous because, in order to comply with the general minimum-maximum rule, the phrase "not less than" would also mean "not more than." *Id.* at 14-15 (citing *Eid*, 249 A.3d at 1043). Appellant agrees that Section 1543(b)(1)(iii) implies a mandatory minimum of six months. He notes, however, that if this Court were to infer a maximum sentence of one year, the only sentence available would be six months to one year, in which case the legislature could have merely said so in the first place. *Id.* at 16. Absent clear direction from the legislature as to the maximum sentence, Appellant asks us to find Section 1543(b)(1)(iii) unconstitutionally vague in violation of due process. *Id.* at 17.

Conversely, the Commonwealth argues Section 1543(b)(1)(iii) is not unconstitutionally vague. Its argument largely tracks the rationale of the Superior Court. The Commonwealth recognizes the instant provision and the provision in *Eid* are similar, but maintains the critical difference comes down to grading of each offense. Commonwealth's Brief at 9. The subsection in *Eid* was graded as a summary offense,

while the instant subsection is a misdemeanor of the third degree. Importantly, Section 6502(a) of the Vehicle Code states: "Title 18 (relating to crimes and offenses), insofar as it relates to fines and imprisonment for convictions of summary offenses, is not applicable to this title." *Id.* at 10 (quoting 75 Pa.C.S. § 6502(c)). The Vehicle Code therefore eliminates the Crimes Code penalties for summary violations and imposes its own scheme. *Id.* at 10-11. The Commonwealth explains there is no similar statute in the Vehicle Code pertaining to offenses graded as misdemeanors and/or felonies. Had the legislature intended the parameters of Title 18 not apply to these offenses, it could have so stated. *Id.* at 11. It follows that "unless otherwise stated within a specific offense, the statutory maximum fine and period of imprisonment that is applicable for a Vehicle Code misdemeanor or felony offense can be found in the Crimes Code." *Id.* The Commonwealth then cites to several cases in which it argues our courts have applied the general sentencing guidelines set forth in the Crimes Code to violations of the Vehicle Code. *Id.* at 12-13. With this in mind, the Commonwealth maintains the *Eid* Court had no way of inferring the maximum penalty applicable to Section 1543(b)(1.1)(i), considering the statute failed to state one and the Vehicle Code explicitly states the Crimes Code provisions do not apply, which is not the case herein. *Id.* at 13-14.

Finally, the Commonwealth disagrees with Appellant's argument that inferring a one-year maximum would render the limiting language of the statute superfluous as it did in *Eid*. It again underscores the difference in grading between the two statutes, explaining the statutory language in *Eid* did not provide a clear indication of the legislature's intent and inferring the maximum proposed by the Commonwealth rendered the language superfluous. The Commonwealth explains the maximum sentence in the instant statute is well-defined and the legislature's intent clear. The fact that inferring a maximum sentence of one year allows for a single sentence does not, in and of itself, make the

statute unconstitutionally vague. *Id.* at 15-16. Accordingly, the Commonwealth asks this Court to affirm Appellant's judgment of sentence.

We first note that legislative exactments are presumed constitutional, and the party challenging the constitutionality of a statute bears a heavy burden of persuasion. *Eid*, 249 A.3d at 1041 (citing *Commonwealth v. Mikulan*, 470 A.2d 1339, 1340 (Pa. 1983)). Accordingly, this Court "will not declare the provision unconstitutional 'unless it clearly, palpably, and plainly violates the Constitution; all doubts are to be resolved in favor of a finding of constitutionality.'" *Interest of: J.J.M.*, 265 A.3d 246, 263 (Pa. 2021) (citation omitted). As explained in *Eid*:

> [T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited in a manner that does not encourage arbitrary and discriminatory enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357 [ ] (1983). It is well-settled that vague sentencing provisions violate due process where they fail to provide offenders with fair notice of the consequences for a particular crime. *Johnson v. United States*, 576 U.S. 591, 596-96 [ ] (2015) ("The prohibition of vagueness in criminal statutes . . . appl[ies] not only to statutes defining elements of crimes, but also to statutes fixing sentences." (citing *United States v. Batchelder*, 442 U.S. 114, 123 [ ] (1979)).

*Eid*, 249 A.3d at 1041.

As detailed above, Section 1543(b)(1)(iii) relevantly provides that a third or subsequent conviction for driving with a suspended license constitutes a misdemeanor of the third degree punishable by "a fine of $2,500 and [ ] imprisonment for a period of **not less than six months**." 75 Pa.C.S. § 1543(b)(1)(iii) (emphasis added). As observed by both parties, the statute provides a minimum sentence of six months but does not explicitly indicate a maximum term of imprisonment. We nonetheless agree with the Commonwealth that a maximum sentence of one year may be reasonably inferred and therefore find *Eid* inapplicable to this specific provision of the Vehicle Code.

Unlike the statute at issue in *Eid*, the Vehicle Code classifies Section 1543(b)(1)(iii) as a misdemeanor of the third degree. As noted by the Commonwealth, this distinction is determinative, as the Vehicle Code explicitly states that Title 18, as it relates to fines and imprisonment for summary offenses, does not apply. *See* 75 Pa.C.S. § 6502(c). This is because the Vehicle Code provides an alternative sentencing scheme for the summary offenses therein. Section 6502(a) specifically states:

> It is a summary offense for any person to violate any provision of this title unless the violation is by this title or other statute of this Commonwealth declared to be a misdemeanor or felony. Every person convicted of a summary offense for a violation of any of the provisions of this title for which another penalty is not provided shall be sentenced to pay a fine of $25.

75 Pa.C.S. § 6502(a). Absent a similar directive with respect to misdemeanors and felonies, it is reasonable to infer that the general classification guidelines set forth in Section 106 of the Crimes Code apply to such offenses in the Vehicle Code. In fact, it would be more improbable that the legislature would create an alternative sentencing scheme for misdemeanors and felonies as they are already clearly defined by the Crimes Code.

In the subsection related to "[c]lassification of offenses," Section 106(b) states that "[a] crime is a misdemeanor of the third degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than one year." Section 106(e) goes on to explain "[a]n offense hereafter defined by any statute other than this title shall be classified as provided in this section." 18 Pa.C.S. § 106(e). In light of the foregoing, this Court holds that Section 1543(b)(1)(iii) is not unconstitutionally vague in violation of due process principles, as a maximum sentence may be inferred by applying the general guidelines set forth in the Crimes Code. Such an interpretation is also consistent with the general rule that court's shall "impose a minimum sentence of confinement which shall not exceed one-half of the

maximum sentence imposed." 42 Pa.C.S. § 9756. We recognize inferring a maximum sentence of one year means the only permissible sentence for a conviction under this provision is six months to one year of imprisonment and that, as a result, the "not less than" language is not essential to a proper reading. This, in and of itself, does not implicate constitutional vagueness concerns where it is possible to determine the maximum based on other statutory provisions.[4, 5]

In sum, this Court concludes that Section 1543(b)(1)(iii) is not unconstitutionally vague in violation of due process principles, as the maximum permissible term of

---

[4] As recognized in *Eid*, our decision in *Bell* has not been applied beyond its particular circumstances involving the Drug Act. We rely on *Bell* instantly only to the extent it endorses interpreting a statutory provision consistently with other statutes in such a way as to provide a maximum sentence for an offense where the provision itself is silent. *Bell*, 645 A.2d at 562.

[5] In his concurring opinion, Justice Brobson agrees with our ultimate conclusion that Section 1543(b)(1)(iii) is not unconstitutionally vague in violation of due process principles. He reaches this result, however, by applying our rules of statutory construction. In his view, Section 1543(b)(1)(iii) of the Vehicle Code, Section 106(b)(8) of the Crimes Code, and Section 9756(b)(1) of the Judicial Code, when read together, clearly set forth a singular permissible sentence of six months to one year of imprisonment. There is therefore no need to "infer" a maximum. Concurring and Dissenting Op., Brobson J., at 2. He further disagrees that *Eid* applies herein, as that case concerned "purported superfluous statutory language[,]" whereas the "not less than" language of the present statute "merely indicates that the [legislature] intended that a violation of Section 1543(b)(1)(iii) of the Vehicle Code carry a minimum sentence of 6 months' imprisonment[.]" *Id.* at 3. Justice Brobson's statutory construction approach is a reasonable alternative rationale to reach the same conclusion. However, we find *Eid* is applicable and that the "not less than" language is superfluous. With respect to the first point, we find it difficult to conclude *Eid* does not inform our analysis, as the statutory language at issue in that case is practically identical to the statutory language at issue in the instant case. We instead find the grading of the respective statutes to be determinative. We similarly disagree that the "not less than" language merely indicates the minimum possible sentence, as a plain reading implies it is not the only minimum sentence available. The maximum becomes clear, however, when we look to the general grading provision applicable to misdemeanors, as well as the general maximum-minimum rule.

imprisonment may be inferred by looking to Section 106 of the Crimes Code. We therefore affirm the Superior Court's order affirming Appellant's judgment of sentence.

Chief Justice Todd and Justices Donohue, Dougherty and Wecht join the opinion.

Justice Brobson files a concurring opinion.